In the Matter of the Claim of MAFALDA KLINE, Respondent, v. GREAT ATLANTIC AND PACIFIC TEA COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal by the employer and carrier from a decision of the Workmen's Compensation Board in an occupational disease claim. There is no issue as to hazardous employment but only as to the medical testimony which sustained the award. The board found that the claimant suffered from the disease of "chronic bronchitis which is secondary to exposure to irritating dusts and chemicals in her occupation" and that her disability was causally related to her employment. All of the medical experts acknowledged that the claimant was suffering from a lung condition of long duration known as bronchiectasis not associated with her employment, but claimant's doctor found additionally that there was a causal relationship between a secondary chronic bronchitis (bronchiectasis being primary) and the dusty condition of employment, distinguishing the conditions but stating that when not employed, there was a relative absence of symptoms of bronchitis which were present when exposed to allergens and dust conditions associated with employment. The board, acknowledging that there was a conflict in the medical testimony, elected to accept that testimony offered by the claimant which issue was factual and, on this record, supported by substantial evidence. On this appeal the appellants raise a further issue as to the procedure adopted by the Referee and contrary to the suggestion of the board as to the order of medical presentation. Such matters are of an administrative nature, no requests or exceptions as to the procedures were made at the hearing level, and this court is of the opinion that ordinarily such matters should be settled prior to an appeal. If there were a showing of prejudice, which there is not, we would further consider the alleged "error". We would further note that had the testimony been offered in the sequence suggested by the board when remanding, the record would still permit a finding of causal relationship based upon the testimony of the claimant's physician. He agreed with all of the other experts that there was an underlying primary condition of bronchiectasis but in addition found to be existing a secondary condition of chronic bronchitis, which opinion was adopted by the board. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur.